

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. A. Belger
County Auditor
Travis County
Austin, Texas

Dear Sir:

Opinion No. 0-5386
Re: Is the commissioners' court
of Travis County authorized
to expend county funds for
Austin Community Nursery
School?

Your request for opinion upon the above stated question has been received and carefully considered by this department.

Pursuant to our request for additional information with respect to the above question on June 18th inst., you wrote us in part as follows:

"Answering your letter of June 16th, 1943, re opinion request No. 0-5386, Austin Community Nursery School, please be advised that, as I understand, the Austin Community Nursery School is a group of Austin men and women, organized for the specific purpose of sponsoring and maintaining nursery schools with funds collected from various sources. These nursery schools, as I understand, are to be maintained for the care and teaching of children whose parent or parents are engaged in a gainful occupation. It is my understanding also that the child or children of a parent or parents who is not engaged in a gainful occupation are not eligible to be taken into the Austin Community Nursery School. It is my understanding that the parent or parents of the children cared for and taught by the Austin Community Nursery School are required to pay fifteen or twenty cents per day for the maintenance and teaching of each child in said Nursery School, as shown by the budget sent you with my request for opinion on this matter, although I am

Honorable J. A. Belger, page 2

informed that in cases of low-wage bracket parents this
per diem fee is sometimes waived, as to the parents,
by those in charge of the Austin Community Nursery
School, but paid by some other person or organization.

"Children admitted into these Nursery Schools
are cared for and taught by said Schools only during
the daytime and are returned to their parent or parents
during the evening and nighttime.

"I do not know upon what statutory provision this
grant of aid is sought."

We quote from 11 Texas Jurisprudence, pages 563-4-5, as
follows:

". . . Counties, being component parts of the
state, have no powers or duties except those which are
clearly set forth and defined in the Constitution and
statutes. The statutes have clearly defined the powers,
prescribed the duties, and imposed the liabilities of
the commissioners' courts, the medium through which
the counties act, and from those statutes must come
all the authority vested in the counties. . . .

". . . Commissioners' courts are courts of limit-
ed jurisdiction, in that their authority extends only
to matters pertaining to the general welfare of their
respective counties and that their powers are only those
expressly or impliedly conferred upon them by law, -
that is, by the Constitution and statutes of this
state. . .."

We have been unable to find any constitutional or statu-
tory authority authorizing Travis County to donate county funds
in aid of such project.

Section 52 of Article 3, of our State Constitution,
would also prohibit Travis County from making such donation of
county funds. The section provides in part as follows:

"The Legislature has no power to authorize any
county . . . of the State to lend its credit or to
grant public money or thing of value in aid of or to
any individual, association, or corporation whatso-
ever. . . ."

Honorable A. J. Belger, page 3

We therefore answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 24, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

WJF:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN